## In Re: Greco Appeal

*Joseph M. Stanichak*, for appellants.

*J. Lavson Cashdollar*, assistant county solicitor, for appellee.

KUNSELMAN, *J.*, April 3, 1984 — In this tax assessment appeal, the county has requested the property owners to provide all books, records, income tax returns, checks and receipts for the busi-

ness which the owners operate upon the property. The owners have asked for a protective order for the reasons that: (1) the documents requested are not relevant to any of the accepted appraisal methods; (2) to be required to disclose the documents would violate the owners' constitutional rights and right of privacy; and, (3) the county's request is a form of harassment and intimidation.

For the reasons which follow, we disagree and will refuse to enter an order relieving the owners from producing all the documents requested. The constitutional rights issue was not briefed or argued and therefore, has been abandoned. Consequently, we will address only the other issues.

There are three methods or approaches used to arrive at an opinion of the value of real estate. They are: (1) cost; (2) comparable sales; and, (3) income. All three are required to be considered in arriving at a value for assessment purposes. 72 P.S. §5453.602(a). Pa.R.C.P. 4003.1 authorizes any party to obtain discovery of any matter, not privileged, which is relevant to the subject matter, including the content of any books, documents or other tangible things.

Therefore, we must determine that the documents requested are not privileged and are relevant to one of the methods of arriving at an opinion as to the value of the land in question. "The term 'privileged' as used in the Rules has reference to a 'privilege' recognized in and available under the law of evidence." Goodrich-Amram 2d Sec. 4011(c):1 The only documents requested by the county which could arguably be "privileged" is the owners' income tax returns. Federal income tax returns are not privileged. Kine v. Forman, 205 Pa. Super. 305, 209 A.2d 1 (1965).

We turn then to the question of relevancy. "The requirement of relevancy should be broadly and lib-

erally interpreted. . . ." If there is any conceivable basis of relevancy, the discovery should be permitted. Goodrich-Amram 2d Section 4003.1:7. As hereinabove noted, one of the appraisal methods is the income approach. The county has demonstrated that the relationship between gross receipts and rental income can be an indication of market value. Certainly a prospective purchaser who desires to acquire a business property for investment purposes is interested in the amount of rent it can produce. And, the amount of rent is frequently determined by adding a percentage of gross receipts to a minimum rental. The owners argue that the rental income of the property in question is only relevant if it is compared to similar properties in the area. That may be true, but, in order to make a comparison, the county must first have the information with which to compare.

We therefore conclude that, for discovery purposes, the books, records, checks and receipts for the business are relevant. However, the entire income tax return is not relevant. Only that portion of the return which relates to the business conducted by the owner is relevant here as well as that portion which relates to rental income. We understand those portions to include Schedules C and E to Form 1040.

We take the owners' argument as to harassment and intimidation to refer to the bad faith or unreasonable annoyance limitations found in Rule 4011. However, a claim of bad faith should be cautiously used to limit discovery and never to forbid proper discovery. Goodrich-Amram 2d Section 4011(a):1. "Bad Faith" refers to motive and there is no indication in the case at bar that the county's motive in seeking the discovery is suspect or improper. At oral argument, counsel for the owners indicated that the

county had not requested such discovery for any other property on Franklin Avenue in Aliquippa. However, even if true; that, in and of itself, does not raise a question of bad faith. It might if all assessment appeals involving property on Franklin Avenue are being litigated. We know that is not the case since most such appeals have been settled.

Nor could the county's request result in unreasonable annoyance. As the county correctly points out in its brief, the documents requested are normally on hand and available for any business entity which must have them for tax purposes. We would add to that, accounting purposes. The documents should be readily available either on the business premises or at the office of the owners' accountant. Therefore, while there may be some annoyance result to the owner, we do not believe the annoyance is unreasonable.

While the court has not been made aware as to the years covered by the county's request, we find that three years is reasonable and will limit disclosure to include only that period of time.

For the foregoing reasons, the following is entered

## ORDER

And now, this April 30, 1984, the motion for protective order filed on behalf of Edward Greco and Catherine Greco is granted in part and refused in part. They are directed to make the following documents available to the county for inspection, review and copying: all books, records, checks and receipts for the years 1981, 1982 and 1983 pertaining to their retail restaurant and liquor business conducted on real estate designated as Tax Parcel 08-013-0232.000; and Schedules C and E to their Federal Form 1040 for the years 1981, 1982 and 1983.